In the Matter of **PALMETTO PUMP & IRRIGATION, INC.**, Debtor.

**LAZERE FINANCIAL CORPORATION,** Plaintiff,

v.

**PALMETTO PUMP & IRRIGATION, INC., and Tambay Trustee, Inc., as Trustee of the Estate of Palmetto Pump & Irrigation, Inc.,** Defendant.

Bankruptcy No. 86–5266.
Adv. No. 87–124.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 23, 1987.

Leroy Culton, Miami, Fla., for plaintiff.

Lynn Welter, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Summary Judgment filed by Lazere Financial Corporation (Plaintiff), the Plaintiff in the above captioned adversary proceeding. The Motion for Summary Judgment addresses the Plaintiff's Complaint which seeks to determine the validity, priority, and extent of a lien held by the Plaintiff on certain tax refunds of Palmetto Pump and Irrigation, Inc., one of the defendants in this adversary proceeding and the Debtor in this Chapter 7 case. It should be noted that the Debtor takes no position in this dispute and seeks a determination by this Court through an action for interpleader as to whether the Plaintiff or Tambay Trustee, Inc., as Trustee for the Debtor's estate, is entitled to the tax refunds. The Court has considered the Motion, together with the record, has heard arguments of counsel, and finds the facts germane to a resolution of the matter under consideration to be as follows:

On October 29, 1985, the Debtor and the Plaintiff entered into a Revolving Credit Agreement (Pl's Exh. A) wherein the Debtor agreed to execute a security interest in favor of the Plaintiff in the following property:

(i) all of borrower's property existing or hereafter created accounts or accounts receivable; (ii) all of borrower's presently owned or hereafter acquired inventory; (iii) all of borrower's presently owned or hereafter acquired general intangibles; and (iv) all of the collateral set forth in the security agreement executed on even date herewith

In connection with this agreement, the Debtor executed a security agreement (Pl's Exh. B) in favor of the Plaintiff. As collateral for credit extended to the Debtor, the security agreement created a security interest in the following:

all accounts, accounts receivable, contract rights, instruments, documents, chattel paper and leases, and all other forms of obligations owing to [Lazere]
...

It is important to note that Paragraph 16 of the Security Agreement provides that in the event of any inconsistency between the Security Agreement and the Revolving Credit Agreement (Pl's Exh. A), the Revolving Credit Agreement would be controlling. A supplement to the security agreement was executed on October 29, 1985, which granted in favor of the Plaintiff a security interest in all Inventory of the Debtor. (Pl's Exh. B)

On November 15, 1985, the Plaintiff properly filed a UCC–1, signed by the Debtor which stated that the financing statement covered the following:

All of Debtor's accounts, accounts receivable, chattel paper, instruments, documents and general intangibles, now existing or hereafter arising, together with all modifications, replacements and substitutions thereof; together with all of Debtor's finished goods inventory, wherever located, now owned or hereafter acquired. All proceeds of the foregoing. Future advances covered. (Pl's Exh. C)

All of the foregoing is not disputed by the Trustee, nor does the Trustee dispute the fact that at the time the petition in this case was filed November 12, 1986, the Debtor owed $906,249.71 plus interest to the Plaintiff. It further appears that in January of 1987, the Debtor received federal income tax refunds in the total amount of $47,356.00 for tax years 1984 and 1985.

It is the contention of the Plaintiff that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. Specifically, the Plaintiff contends that the tax refunds constitute general intangibles and based on the Revolving Credit Agreement (Pl's Exh. A),

Security Agreements (Pl's Exh. B) and the UCC–1 (Pl's Exh. C), it has a first priority, security interest in the tax refunds.

In opposition, it is the contention of the Trustee that the Plaintiff failed to comply with the Assignment of Claims Act, 41 U.S.C. § 15 and 31 U.S.C. § 203, and, therefore, the assignment to the Plaintiff is invalid. In the alternative, the Trustee argues that the Plaintiff failed to create a valid security interest in the tax returns as the Security Agreements (Pl's Exh. B) do not list general intangibles as collateral. Based on the foregoing, the Trustee contends that he may avoid the security interest claimed by the Plaintiff pursuant to § 544 (a) of the Bankruptcy Code.

The Court has considered the matter under consideration and is satisfied that the Plaintiff's Motion for Summary Judgment should be granted for the following reasons:

Despite the fact that the documents entitled Security Agreements does not specifically include general intangibles, this Court is satisfied that the Security Agreement incorporated the collateral provisions set forth in the Revolving Credit Agreement which expressly included general intangibles. As the Debtor signed both the Revolving Credit Agreement and the Security Agreement, it is clear that the parties intended such a result. Based on the foregoing, the Plaintiff had a valid security interest in general intangibles and properly perfected the same by filing the UCC–1 Financing Statement. (Pl's Exh. C)

It is now well established that the right to receive a tax refund and the anticipated tax returns themselves are general intangibles. *In re Kingswood*, 343 F.Supp. 498 (C.D.Calif.1972), *In re Tele/Resources, Inc.*, 21 B.R. 358 (Bankr.S.D.N.Y.1982), *In re Kendrick & King Lumber, Inc.*, 14 B.R. 764 (Bankr.W.D.Okla.1981). The basis for this conclusion is that at the end of a year, one entitled to a tax refund has a claim against the United States. In turn, this claim may be construed as a chose in action, which is a general intangible pursuant to Fla.Stat. § 679.106 which provides in

part that "General Intangibles means any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments and money." Therefore, it is clear that the Plaintiff's recorded security interest in general intangibles included tax returns of the Debtor.

■ The fact that the tax refund was received post petition does not alter the outcome in this case as the right to the refund came into existence prepetition in 1984 and 1985 and the Plaintiff perfected its interest in the same prepetition.

■ Finally, the Assignment of Claims Act has no application to this case. There is no question that the Act was designed to protect the U.S. Government and does not affect the rights of contracting parties *inter se*. *United Pacific Insurance Co. v. U.S.*, 358 F.2d 966 (U.S.Ct.Cl.1966).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, granted.

A separate Final Judgment will be entered in accordance with the foregoing.